# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROGER BOWERS, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>TESARO INCORPORATED, LEON O. MOULDER JR. and TIMOTHY R. PEARSON,<br><br>      Defendants. | Case No.: 1:18-cv-10086-ADB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE TESARO INVESTOR GROUP TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |

Plaintiffs Daniel A. Doornbos and Anush M. Parikh (collectively, the "Tesaro Investor Group" or "Movants") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movants as Lead Plaintiff for the class of all purchasers or acquirers of the securities of Tesaro Incorporated ("Tesaro" or the "Company") between March 14, 2016 through January 12, 2018, inclusive (the "Class Period"); and

(3) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.[1]

---

[1] Given the nature of this type of motion, which can be brought by any investor irrespective of whether they have filed a complaint, counsel for Movants respectfully request leave from compliance with Local Civil Rule 7.1(a)(2) since it was unknown at the time of filing whether other investors intended to move this Court seeking similar relief.

**INTRODUCTION AND BACKGROUND**

On January 17, 2018, this action was commenced against the Company and certain of its officers, and directors, for violations under the Exchange Act. That same day, a law firm issued an early notice pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Joshua Baker filed herewith ("Baker Decl." or "Baker Declaration").

The Complaint alleges that throughout the Class Period, defendants made false and/or misleading statements regarding and/or failed to disclose that: (1) substantial undisclosed health risks, including anaphylaxis and anaphylactic shock, were associated with Tesaro's intravenous formulation of Varubi; and (2) as a result, Tesaro's shares traded at artificially inflated prices during the Class Period. When the true details entered the market, the lawsuit claims that investors suffered damages.

**ARGUMENT**

**I.   MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

### A.     This Motion is Timely

Movants have timely filed the instant motion, and have filed herewith a PSLRA certification attesting they are willing to serve as representative of the class and are willing to provide testimony at deposition and trial, if necessary. *See* Baker Decl., Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiff for the Class.

### B.     Movants have The Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005). Movants purchased 3,975

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

shares and lost $229,642.77 in connection with their purchases of Tesaro securities. *See* Baker Decl., Ex. 3 (Movants' Loss Chart).

      **C.**      **Movants Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.* at 437.

      **1.**      **Movants' Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that defendants violated the Exchange Act by issuing false and misleading statements about the Company's business and financial condition. Movants' interests are closely aligned with the other Class members' and their interests are, therefore typical of the other members of the Class.

### 2. Movants are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.2d. 201, 265 (3d Cir. 2001). Here, Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiff. Each individual within the Tesaro Investor Group is aware of and has communicated with the other and has agreed to be in the Tesaro Investor Group prior to making this Motion. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class.

### D. Movants are Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movants are the most adequate lead plaintiff is not, therefore subject to rebuttal. Movants have suffered substantial financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against him that would render Movants inadequate to represent the Class. Accordingly, Movants are presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class.

**II.     MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Class' and Movants' claims including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Baker Decl., Ex. 4. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and

expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully requests the Court issue an Order (1) appointing the Movants as Lead Plaintiff of the Class; (2) approving the Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: March 19, 2018                                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Joshua Baker
Joshua Baker, Esq. (BBO #695561)
Laurence M. Rosen, Esq. (*pro hac vice* to be submitted)
Phillip Kim, Esq. (*pro hac vice* to be submitted)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jbaker@rosenlegal.com
         lrosen@rosenlegal.com
         pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of March 2018, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE TESARO INVESTOR GROUP TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE SELECTION OF COUNSEL**, was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                                          /s/ Joshua Baker