UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROGER BOWERS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>TESARO INCORPORATED, LEON O. MOULDER JR. and TIMOTHY R. PEARSON,<br><br>　　　　　　　　　　　Defendants. | No. 1:18-cv-10086-ADB |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE EMPLOYEES RETIREMENT SYSTEM OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIASON COUNSEL**

The Employees Retirement System of Puerto Rico Electric Power Authority (hereinafter referred to as "ERS-PREPA") respectfully submits this Memorandum of Law in support of its motion to: (i) appoint ERS-PREPA as Lead Plaintiff; (ii) approve ERS-PREPA's selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel; (iii) approve the selection of the law firm of Shapiro Haber & Urmy LLP as Liaison Counsel; and (iv) grant such other and further relief as the Court may deem just and proper.

I. **PRELIMINARY STATEMENT**

This action was commenced as a securities class action on behalf of all those who purchased shares of Tesaro Incorporated ("Tesaro" or the "Company") during the period from March 14, 2016 to January 12, 2018, inclusive (the "Class Period") alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Tesaro, Leon O. Moulder Jr., and Timothy R. Pearson (collectively with Tesaro, the "Defendants").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest in the relief sought by the class" that also makes a *prima facie* showing of being a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This Motion is made on the grounds that ERS-PREPA is the most adequate Plaintiff, as defined by the PSLRA, because, to the best of its knowledge, ERS-PREPA has the largest financial interest of any moving class member or plaintiff who also satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure. *See* Declaration of Adam M. Stewart ("Stewart Decl.") Exhibit ("Ex.") A.[1] ERS-PREPA adequately satisfies the requirements of Fed. R. Civ. P. Rule 23 in that its claims are typical of the claims of the putative class and it will fairly and adequately represent the interests of the class. In addition, ERS-PREPA has selected counsel with substantial experience in prosecuting securities class actions.

## II.  FACTUAL BACKGROUND

Tesaro, with principal executive offices in Waltham, Massachusetts, is an oncology biopharmaceutical company that develops, identifies, and acquires cancer therapeutics and oncology supportive care products in the United States.[2] ¶4. In 2015, the U.S. Food and Drug Administration ("FDA") approved Tesaro's oral version of Varubi, a neurokinin-1 (NK-1) receptor antagonist for the prevention of chemotherapy induced nausea and vomiting ("CINV"). At all relevant times, Varubi (rolapitant) was included in Tesaro's product portfolio.

The Class Period began on March 14, 2016 when Tesaro issued a press release announcing that it had submitted a New Drug Application ("NDA") for the Company's intravenous formulation of Varubi ("Varubi IV") to the FDA. ¶21. In that press release, Tesaro also stated that "[t]he NDA for IV rolapitant is supported by data from a clinical program that enrolled more than 400 subjects and included a bioequivalence study and several other supportive non-clinical and clinical studies," and that the Company anticipated "a standard 12-month review timeline for the IV rolapitant NDA." ¶21.

---

[1] References to the "Stewart Decl., Ex. _" are to the exhibits attached to the Declaration of Adam M. Stewart in Support of the ERS-PREPA's Motion Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel, dated March 19, 2018 and filed concurrently herewith.

[2] This Factual Background section is taken from the allegations contained in the complaint filed in the above-captioned action by Plaintiff Bowers. Paragraph references are to that complaint.

Tesaro filed a quarterly report on Form 10-Q with the Securities and Exchange Commission ("SEC") on August 5, 2016 (the "Q2 2016 10-Q"), reporting a net loss of $58.41 million, or $1.28 per diluted share, on revenue of $36.56 million, compared to a net loss of $60.56 million, or $1.51 per diluted share, on zero revenue for the same period in the prior year. ¶25. The Company also disclosed in its Q2 2016 10-Q that the FDA had accepted an NDA for its Varubi IV formulation, and that it had "a target Prescription Drug User Fee Act, or PDUFA, date of January 11, 2017." ¶26. In the following quarter, the Company again reported a net loss on revenue in its quarterly report on Form 10-Q filed with the SEC on November 4, 2016 (the "Q3 2016 10-Q"). ¶28. In its Q3 2016 10-Q, Tesaro again cited the January 11, 2017 as the target PDUFA date following the FDA's review of its Varubi IV formulation. ¶29.

On February 28, 2017, Tesaro filed an annual report on Form 10-K with the SEC for the year ended December 31, 2016 (the"2016 10-K"), reporting a net loss of $136.94 million on revenue of $4.23 million. ¶31. Also detailed in the 2016 10-K was the Company's overall strategy to "leverage the experience and competencies to…acquire promising drug candidates and to commercialize cancer therapeutics that are potentially safer and more effective than existing treatments." ¶32. In addition, the 2016 10-K disclosed Tesaro's goal of commercializing an intravenous formulation of Varubi, stating, in relevant part:

> Pending regulatory approvals, we intend to launch rolapitant IV in the U.S., and oral rolapitant in Europe, in the second half of 2017. We intend to establish rolapitant as part of the standard of care for the prevention of CINV in patients who, consistent with established treatment guidelines, could benefit from an NK-1 receptor antagonist, in additional to treatment with a 5-HT3 receptor antagonist plus a corticosteroid. [§32].

In a press release on October 25, 2017, Tesaro announced the FDA's approval of

3

Varubi IV. ¶40. The press release, entitled "Tesaro Announces U.S. FDA Approval of Varubi IV for Delayed Nausea and Vomiting Associated With Cancer," called the FDA's approval of Varubi IV "a significant milestone for Tesaro" and included an expectation "to commence sales of Varubi IV in the U.S. in the fourth quarter of 2017." Finally, Tesaro's announcement conveyed the belief that the newly approved Varubi IV would benefit chemotherapy patients who experience delayed CINV, while also giving "doctors and nurses a new option to help protect their patients from these often preventable side effects." ¶40.

As alleged, Tesaro's Class Period statements regarding Varubi IV were materially false and misleading because they failed to disclose material adverse facts about the Company's business, operational, and compliance polices. ¶44. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) substantial undisclosed health risks, including anaphylaxis and anaphylactic shock, were associated with Tesaro's intravenous formulation of Varubi; and (ii) as a result of the foregoing, Tesaro's shares traded at artificially inflated prices during the Class Period, and class members suffered significant losses and damages. ¶44.

The truth began to emerge on January 12, 2018, when Tesaro issued a press release announcing updates to the U.S. labeling for Varubi IV after receiving reports of "anaphylaxis, anaphylactic shock and other serious hypersensitivity reactions…in the post-marketing setting, some requiring hospitalization." ¶45. The labeling changes included modifications to the Contraindications, Warnings and Precautions, and Adverse Reactions sections on the Varubi IV package insert. ¶45. The Company also stated that it had issued a "Dear Healthcare Professional (DHCP)" letter on the Varubi website in response to post-market reports of patient reactions to the

4

administration of the intravenous formulation of Varubi. ¶45. On this news, Tesaro shares fell $4.07, or 5.85%, to close at $65.52 on January 16, 2018. ¶46.

Due to the Defendants' wrongful acts and omissions, shares of Tesaro experienced a significant decline in market value which caused Plaintiff and other Class Members to suffer losses and damages. ¶47.

## III. ARGUMENT

ERS-PREPA respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also Tehrani v. Biogen, Inc.,* No. 15-13189-FDS, 2015 U.S. Dist. LEXIS 156001, at *7-8 (D. Mass. Nov. 18, 2015).

### A. THE EXCHANGE ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION

On December 22, 1995, Congress amended the Exchange Act by enacting the PSLRA. Specifically, Section 21D(a)(3)(A)(i) of the Exchange Act provides that, within 20 days after the date on which a class action is filed,

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

On January 17, 2018, a notice was published by Pomerantz LLP on *Globe Newswire* concerning the filing of this class action lawsuit on behalf of purchasers of Tesaro securities. *See* Stewart Decl., Ex. B. The notice advised members of the purported class of the pendency of this action, the claims asserted, the purported class period and that anyone who wished to serve as lead plaintiff needed to make a motion to the Court no later than 60 days from the date of the notice. *See generally Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996).

Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by purported class members to serve as lead plaintiffs in response to any such notice by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and to presume that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons who:

> (aa) has either filed the complaint or made a motion in the response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B).

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

### B. ERS-PREPA SHOULD BE APPOINTED THE LEAD PLAINTIFF FOR THE CLASS

ERS-PREPA satisfies the prerequisites for appointment as lead plaintiff. ERS-PREPA has the largest loss of any known member or group of members who have filed a complaint or expressed a desire to serve as lead plaintiff. In addition, ERS-PREPA is typical of the other class members and there are no deficiencies in ERS-PREPA's adequacy which would cause it to be an inappropriate choice to serve as Lead Plaintiff.

#### 1. ERS-PREPA Has Filed A Lead Plaintiff Motion

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. § 78u4(a)(3)(B)(iii)(I)(aa). Here, ERS-PREPA has timely filed a motion to be appointed Lead Plaintiff.

#### 2. ERS-PREPA Has The Requisite Financial Interest In The Relief Sought By The Class

The second prerequisite to being appointed as lead plaintiff is that "in the determination of the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of those persons moving to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). ERS-PREPA believes it has the largest financial interest in the recovery sought in these Actions and, accordingly, it is presumed to be the most adequate lead plaintiff and should be appointed as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3).

#### 3. ERS-PREPA Otherwise Satisfies Rule 23

The lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See, e.g.*, *Arkansas Teacher Retirement System v. Insulet Corp. et al.*, 177 F. Supp. 3d 618, 622-23 (D. Mass. 2016) (at the lead plaintiff stage of the litigation, only a prima facie showing of typicality and adequacy is needed). As detailed below, ERS-PREPA satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if the claims "arise from the same course of events, and involve the same legal theory as to the claims of the rest of the class." *Tehrani*, 2015 U.S. Dist. LEXIS 156001, at *9 (citing *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001)). However, the claims of the class representative need not be identical to the claims of the

class to satisfy typicality. *De La Fuente v. Stokely-Van Camp, Inc*., 713 F.2d 225, 232 (7th Cir. 1983) (typicality satisfied despite factual distinctions between claims of named Plaintiffs and class members).

ERS-PREPA satisfies this requirement because, just like all other members of the Class, its claims in this action arise from the very same course of conduct as the claims of the other members of the Class. ERS-PREPA, like the other members of the Class, purchased Tesaro securities during the Class Period at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and were damaged thereby. Thus, ERS-PREPA's claims are typical of those of the other Class members because its claims and the claims of other Class members arise out of the same course of events.

Rule 23(a)(4) provides that the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of a plaintiff to represent the class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the Class. The courts in this District have found that adequacy depends on: (1) whether the representative party has any conflicts of interest with other class members; and (2) whether the lead plaintiff's counsel is qualified, experienced and able to prosecute the action vigorously on behalf of the class. *In re Sonus Networks, Inc. Sec. Litig.*, 247 F.R.D. 244, 249 (D. Mass. 2007) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)); *see also Tehrani,* 2015 U.S. Dist. LEXIS 156001, at *9 (citing *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001)).

Here, ERS-PREPA has no conflicts with the interests of the Class. ERS-PREPA seeks to obtain the maximum recovery for the Class so as to maximize its pro rata share of that recovery. ERS-PREPA and its counsel have already demonstrated that it will prosecute the claims of the Class vigorously by having executed a certification, acted to file this motion and seeking to assert claims on behalf of the Class.

In addition, as shown below, ERS-PREPA's counsel are highly qualified, experienced and able to conduct this complex litigation vigorously and in a professional manner. Thus, ERS-PREPA satisfies the adequacy requirements of Rule 23.

Accordingly, ERS-PREPA satisfies the requirements of Section 21D(a)(3)(B) and is presumptively the most adequate plaintiff. Unless this presumption is rebutted, ERS-PREPA must be appointed lead plaintiff. *See State Univ. Ret. Sys. v. Sonus Networks, Inc.*, No. 06-10040-MLW, 2006 U.S. Dist. LEXIS 93328, at *8 (D. Mass. Dec. 27, 2006).

### C. THE COURT SHOULD APPROVE ERS-PREPA'S CHOICE OF COUNSEL

The Exchange Act provides that the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In that regard, ERS-PREPA has selected and retained Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel. Abraham, Fruchter & Twersky, LLP has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions. *Accord, e.g. Godinez v. Alere Inc., et al.*, No. 1:16-cv-10766 (PBS) ECF No. 152 (D. Mass Dec. 22, 2017) (appointing Abraham, Fruchter & Twersky, LLP co-lead counsel); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470 (NMG), ECF No. 24 (D. Mass Jul. 27, 2010) (appointing Abraham, Fruchter & Twersky, LLP lead counsel); Beltran

v. Terraform Global, Inc, et al., No. 5:15-cv-04981 (BLF), ECF No. 103 (N.D. Cal. Dec. 22, 2016) (same); *Utesch v. Lannett Company Inc., et al.*, No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (appointing Abraham, Fruchter & Twersky, LLP as lead counsel). Similarly, Shapiro Haber & Urmy LLP has extensive experience litigation experience in this District and in prosecuting class actions of this nature, and is well-qualified to serve as Liaison Counsel. Firm resumes for proposed lead and liaison counsel are submitted for the Court's convenience. *See* Stewart Decl., Ex. C, D.

## IV. CONCLUSION

In light of the foregoing, ERS-PREPA respectfully requests that the Court: (i) appoint ERS-PREPA as Lead Plaintiff; (ii) approve ERS-PREPA's selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel; (iii) approve the selection of the law firm of Shapiro Haber & Urmy LLP as Liaison Counsel; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: March 19, 2018

Respectfully submitted,

/s/ **Adam M. Stewart**
Edward F. Haber (BBO#215620)
EHaber@shulaw.com
Adam M. Stewart (BBO#661090)
AStewart@shulaw.com
**SHAPIRO HABER & URMY LLP**
Seaport East, Two Seaport Lane
Boston, Massachusetts 02210
(617) 439-3939
(617) 439-0134 (fax)

*Counsel for ERS-PREPA and Proposed Liaison Counsel*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Mitchell M.Z. Twersky (*pro hac vice* forthcoming)

11

Atara Hirsch (*pro hac vice* forthcoming)
Lawrence D. Levit (*pro hac vice* forthcoming)
Matthew E. Guarnero (*pro hac vice* forthcoming)
One Penn Plaza, Suite 2805
New York, New York 10119
(212) 279-5050
(212) 279-3655 (fax)
MTwersky@aftlaw.com
AHirsch@aftlaw.com
LLevit@aftlaw.com
MGuarnero@aftlaw.com

*Counsel for ERS-PREPA and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 19, 2018.

      /s/ **Adam M. Stewart**
      Adam M. Stewart