## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROGER BOWERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESARO INCORPORATED, LEON O. MOULDER JR. and TIMOTHY R. PEARSON,<br><br>Defendants. | No.: 1:18-cv-10086 |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAYNE MATOTT AND CAROLINE KORN FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ..........................................................................................................1

ARGUMENT.................................................................................................................................3

    A.    MATOTT AND KORN SHOULD BE APPOINTED LEAD PLAINTIFFS ..................................................................................................................3

        1.    Matott and Korn are Willing to Serve as Class Representatives .................4

        2.    Matott and Korn Have the "Largest Financial Interest" ..............................4

        3.    Matott and Korn Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...........................................................5

        4.    Matott and Korn Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses ...................7

    B.    LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ......................................................................................................................8

CONCLUSION..............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
  216 F.R.D. 567 (D. N.J. 2003) ........................................................................................ 5

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................................................ 7

*Baby Neal v. Casey*,
  43 F.3d 48 (3d Cir. 1994) ................................................................................................ 6

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006) ........................................................................................ 6, 7

*Danis v. USN Communs., Inc.*,
  189 F.R.D. 391 (N.D. Ill. 1999) ...................................................................................... 6

*Fischler v. Amsouth Bancorporation*,
  176 F.R.D. 583 (M.D. Fla. 1997) .................................................................................... 6

*Gluck v. Cellstar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ................................................................................. 6

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996) .................................................................................... 6

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
  2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) ................................................... 5

*In re Comverse Tech., Inc., Sec. Litig.*,
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ................................................. 5

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ............................................................................. 5, 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................... 6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004) ...................................................................................... 5

*Janovici v. DVI, Inc.*, No. 03-4795,
  2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) ................................................. 5

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ............................................................. 4

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ........................................................... 8

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) ................................................................................................ 7

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................... *passim*

PSLRA Section 21D(a)(3)(B) ................................................................................................ *passim*

Section 21D(a)(3) of the Securities Exchange Act of 1934 ............................................................ 1

## Rules

Federal Rules of Civil Procedure Rule 23 ............................................................................ *passim*

Federal Rules of Civil Procedure Rule 42 ..................................................................................... 1

Movants Wayne Matott and Caroline Korn (together, "Matott and Korn") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) appointing Matott and Korn as Lead Plaintiffs on behalf of all persons and entities that purchased or otherwise acquired the securities of Tesaro Inc. ("Tesaro" or the "Company") between March 14, 2016 and January 12, 2018, both dates inclusive (the "Class Period"); (2) approving Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Andrews DeValerio LLP ("Andrews DeValerio") as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Matott and Korn, with losses of approximately $53,760, have the largest financial interest in the relief sought in this action. Matott and Korn further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as they are adequate representatives with claims typical of the other Class members. Accordingly, Matott and Korn respectfully submit that they should be appointed Lead Plaintiffs.

## STATEMENT OF FACTS

Tesaro is an oncology-focused biopharmaceutical company that identifies, acquires, develops, and commercializes cancer therapeutics and oncology supportive care products in the

United States. Founded in 2010, the Company is based in Waltham, Massachusetts, and its securities trade on the NASDAQ under the ticker symbol "AFL."

At all relevant times, Tesaro's product portfolio has included Varubi (rolapitant), a neurokinin-1 (NK-1) receptor antagonist for the prevention of chemotherapy induced nausea and vomiting. In 2015, the U.S. Food and Drug Administration ("FDA") approved an oral version of Varubi. On March 14, 2016, Tesaro announced the submission of a New Drug Application ("NDA") for an intravenous formulation of Varubi to the FDA. On October 25, 2017, Tesaro announced the FDA's approval of its intravenous version of Varubi.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) substantial undisclosed health risks, including anaphylaxis and anaphylactic shock, were associated with Tesaro's intravenous formulation of Varubi; and (ii) as a result of the foregoing, Tesaro's shares traded at artificially inflated prices during the Class Period, and class members suffered significant losses and damages.

On January 12, 2018, post-market, Tesaro announced that it had updated the U.S. labeling for the intravenous formulation of Varubi after receiving reports of "[a]naphylaxis, anaphylactic shock and other serious hypersensitivity reactions . . . in the post-marketing setting, some requiring hospitalization." The Company further stated that it "has issued a Dear Healthcare Professional (DHCP) letter."

On this news, Tesaro's share price fell $4.07 or 5.85%, to close at $65.52 on January 16, 2018.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A. MATOTT AND KORN SHOULD BE APPOINTED LEAD PLAINTIFFS

Matott and Korn should be appointed Lead Plaintiffs because they have the largest financial interest in the Action and otherwise meet the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Matott and Korn satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### 1. Matott and Korn are Willing to Serve as Class Representatives

On January 17, 2018, counsel for plaintiff in the above-captioned action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Tesaro securities that they had until March 19, 2018 to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. A.

Matott and Korn have filed the instant motion pursuant to the Notice, and they have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, Matott and Korn satisfy the first requirement to serve as Lead Plaintiffs of the Class.

### 2. Matott and Korn Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Matott and Korn believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses

suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

Matott and Korn (1) purchased 553 shares of Tesaro securities during the Class Period; (2) expended $88,796 on their purchases of Tesaro securities; (3) retained 400 of their Tesaro shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $53,760. *See* Lieberman Decl., Ex. C. Because Matott and Korn possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Matott and Korn Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Matott and Korn are typical of those of the Class. Matott and Korn allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Tesaro, or omitted to state material facts necessary to make the statements they did make not misleading. Matott and Korn, as did all members of the Class, purchased Tesaro securities during the Class

Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Matott and Korn are adequate representatives for the Class. There is no antagonism between the interests of Matott and Korn and those of the Class, and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, Matott and Korn have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Matott and Korn Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses

The presumption in favor of appointing Matott and Korn as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Matott and Korn to fairly and adequately represent the Class has been discussed above. Matott and Korn are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Matott and Korn should be appointed Lead Plaintiffs for the Class.

### B. LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Matott and Korn have selected Pomerantz as Lead Counsel and Andrews DeValerio as Liaison Counsel for the Class. Both firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes. *See* Lieberman Decl., Exs. D-E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As a result of both firms' extensive experience in litigation involving issues similar to those raised in the above-captioned action, Matott and Korn's counsel have the skill and knowledge which will enable them to prosecute a class action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of

Lead and Liaison Counsel by Matott and Korn, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Matott and Korn respectfully request that the Court issue an Order: (1) appointing Matott and Korn as Lead Plaintiffs for the Class; (2) approving Pomerantz as Lead Counsel and Andrews DeValerio as Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   March 19, 2018

Respectfully submitted,

*/s/Daryl Andrews*
Daryl Andrews (BBO #658523)
Glen DeValerio (BBO #122010)
**ANDREWS DEVALERIO LLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone: (617) 936-2796
Email: daryl@andrewsdevalerio.com
           glen@andrewsdevalerio.com

*Counsel for Movants and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
            ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

Email: pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 19, 2018.

*/s/ Daryl Andrews*
Daryl Andrews