UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROGER BOWERS, *Individually and on Behalf of All Other Persons Similarly Situated*, | * * * |
| Plaintiffs, | * * |
| v. | * * |
| TESARO INCORPORATED, LEON O. MOULDER JR., and TIMOTHY R. PEARSON, | * * * |
| Defendants. | * * * |

Civil Action No. 18-cv-10086-ADB

## ORDER GRANTING ZEV CRAWLEY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

BURROUGHS, D.J.

Six groups of putative class members separately moved pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to be appointed as lead plaintiff and for approval of their selection of lead counsel and liaison counsel in this class action lawsuit. The following groups initially filed competing motions: (1) Daniel A. Doornbos and Anush M. Parikh [ECF No. 17]; (2) Employees Retirement System of Puerto Rico Electric Power Authority ("ERS-PREPA") [ECF No. 20]; (3) Wayne Matott and Caroline Korn [ECF No. 22]; (4) Bratya SPRL [ECF No. 25]; (5) Zev Crawley [ECF No. 30]; and (6) Construction Industry and Laborers Joint Pension Trusts [ECF No. 31]. After several movants conceded that they did not have the largest financial interest in the action and withdrew their motions [ECF Nos. 39−42], only Crawley and ERS-PREPA remain in contention. For the reasons stated herein, the Court GRANTS Crawley's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, and DENIES ERS-PREPA's competing motion.

Under the PSLRA, the Court must "appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). This person is known as the "most adequate plaintiff." Id. A rebuttable presumption exists that the "most adequate plaintiff" is the movant who "has the largest financial interest in the relief sought by the class," while also satisfying the requirements of Federal Rule of Civil Procedure 23. Id. at § 78u-4(a)(3)(B)(iii). One may only rebut this presumption with "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is subject to unique defenses. Id. at § 78u-4(a)(3)(B)(iii)(II). The statute's language suggests that "the threshold determination of whether the movant with the largest financial losses satisfies the typicality and adequacy requirements should be a product of the court's independent judgment, and that arguments by members of the purported plaintiff class as to why it does not should be considered only in the context of assessing whether the presumption has been rebutted." In re Cendant Corp. Litig., 264 F.3d 201, 263–64 (3d Cir. 2001); State Univs. Ret. Sys. of Illinois v. Sonus Networks, Inc., No. 06-cv-10040-MLW, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006) (same).

To determine the largest financial interest, "[m]any courts, including this one, have considered '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'" Arkansas Teacher Ret. Sys. v. Insulet Corp., 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (quoting In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Approximate loss is generally considered "the most important factor." Id. (citing In re Diamond Foods, Inc., Sec. Litig., 281 F.R.D. 405, 408 (N.D. Cal. 2012)). Here, ERS-PREPA does not dispute that Crawley has the largest financial interest.

Crawley suffered the largest Last In, First Out (LIFO) losses, purchased the most net shares, and expended the most net funds of any of the competing plaintiffs. [ECF No. 47 at 5]. That ERS-PREPA purchased 20 more total shares than Crawley does not outweigh the other factors favoring Crawley. See Arkansas Teacher Ret. Sys., 177 F. Supp. 3d at 622 (finding plaintiff with largest loss, most net shares purchased, and most net funds expended had largest financial interest despite not purchasing the most gross shares). Therefore, Crawley has the largest financial interest.

Crawley also meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. At this stage, he "need only make a *prima facie* showing of typicality and adequacy," id., and the Court's findings on these requirements need only be "preliminary." City of Bristol Pension Fund v. Vertex Pharms., No. 12-cv-11654-FDS, 2012 WL 6681907, at *4 (D. Mass. Dec. 21, 2012) (quoting In re Tronox, Inc. Sec. Litig., 262 F.R.D. 338, 343−44 (S.D.N.Y. 2009)); see Emerson v. Genocea Biosciences, Inc., No. 17-cv-12137-PBS, 2018 WL 839382, at *3 n.2 (D. Mass. Feb. 12, 2018) (party seeking appointment as most adequate plaintiff bears a "relatively low burden of proof"). The "burden in proving typicality requires that the named [plaintiff's] claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class." In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2001) (quoting In re Bank of Boston Corp. Sec. Litig., 762 F. Supp. 1525, 1532 (D. Mass. 1991)). Crawley's claims are typical of the class because, like the other plaintiffs, he purchased Tesaro securities during the class period, in reliance upon Defendants' false and misleading statements, and suffered damages as a result. [ECF No. 30-1 at 7].

"To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are

qualified, experienced and vigorously able to conduct the litigation." In re Lernout, 138 F. Supp. 2d at 46. Crawley has retained Kessler Topaz Meltzer & Check LLP as lead counsel and Murphy Anderson PLLC as liaison counsel. He adequately sets forth both firms' experience litigating complex class actions, including under the PSLRA, and ERS-PREPA does not dispute at this stage that selected counsel is adequate. [ECF No. 30-1 at 8–10; 30-6]. Furthermore, Crawley states that his interest in aggressively pursuing claims against Defendants is aligned with the interests of the members of the class who were similarly harmed as a result of Defendants' false and misleading statements, and that he is fully committed to pursuing the claims on behalf of the class. [ECF No. 30-1 at 8]. He filed a declaration in support of his application in which he avers the following:

> [I]t is my sole intention that, through my oversight of counsel, the action will be litigated vigorously, efficiently, and in the best interests of the class, and that class will obtain the maximize [sic] possible recovery from all potentially culpable parties. I have no ulterior motive for seeking appointment as Lead Plaintiff in this action and any suggestion by ERS-PREPA that one exists is absurd and false.

[ECF No. 52-2 ¶ 8]. Crawley therefore satisfies the requirements of Fed. R. Civ. P. 23.

Crawley "must be appointed lead plaintiff," unless ERS-PREPA rebuts the presumption that he is the most adequate plaintiff. Sonus Networks, Inc., 2006 WL 3827441, at *3. "At this point in the analysis, 'the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair[ ] and adequate[ ] job.'" Id. (quoting In re Cendant Corp., 264 F.3d at 268). ERS-PREPA asserts that because Crawley is an employee of a competitor and occasional business partner of Defendant Tesaro, Defendants will argue that he is pursuing this case to uncover Tesaro's confidential or other business information for the benefit of his employer. ERS-PREPA also surmises that "Crawley

may have or had access to non-market, insider information," and potentially traded on such information, because Crawley's employer and Tesaro are members of the same professional organizations in the immuno-oncology industry, which is "ripe with opportunities for employees of different pharmaceutical companies to mingle and 'talk shop.'" [ECF No. 48 at 8–9].

ERS-PREPA's assertions, however, are not accompanied by any proof as required by the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Instead, ERS-PREPA draws, and asks the Court to accept, the attenuated inference that Crawley has access to insider information and a motive to uncover confidential or business information based solely on his industry experience and his employer's relationship with Defendant Tesaro. See Maiman v. Talbott, No. SACV 09-0012 AG, 2009 WL 10675075, at *3 (C.D. Cal. Sept. 14, 2009) (rejecting assertion that lead plaintiff "is subject to a unique defense because he may have relied on inside information," because without evidence to support that accusation, competing party was "merely speculat[ing] that it might be true because [the lead plaintiff] used to be an executive at another bank which [w]as a direct competitor of [the defendant]"); Foley v. Transocean Ltd., 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("[T]he conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff."). Without any specific evidence, ERS-PREPA's assertions amount to mere speculation about the potential for Defendants to raise unique defenses. See Murphy v. JBS S.A., No. 17-cv-3084, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("[c]onclusory assertions and mere speculation will not suffice" to rebut presumption); OFI Risk Arbitrages v. Cooper Tire & Rubber Co., 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("The [competing movant] must produce more than speculation to rebut the presumption . . . . Mere speculation about a unique defense does not meet this standard."); cf. Medoff v. CVS Caremark Corp., No. 09-cv-554-JNL, 2016 WL 632238, at *3 (D.R.I. Feb. 17,

2016) (citing In re Nexium Antitrust Litig., 777 F.3d 9, 21 (1st Cir. 2015)) ("[S]peculative or hypothetical conflicts do not defeat Rule 23's adequacy requirement."). Moreover, Crawley attests that (1) he has neither obtained nor traded upon any material, non-public information pertaining to Tesaro and the subject matter of this litigation; (2) he has not had any conversations with current or former Tesaro employees regarding the subject matter of this litigation; and (3) he has no ulterior motive for seeking appointment as lead plaintiff and is not using this litigation as a means to uncover confidential or business information about Tesaro. [ECF No. 52-2].[1] Taken together, ERS-PREPA has failed to rebut the presumption that Crawley is the most adequate plaintiff.

Alternatively, ERS-PREPA requests permission to conduct discovery to determine whether Crawley had access to non-public information regarding Tesaro and how he came to apply for the role of lead plaintiff. The PSLRA allows for discovery concerning the appointment of lead plaintiff and counsel "only if the [competing party] first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv). "Courts must also, however, take care to prevent the use of discovery to harass presumptive lead plaintiffs, something that the [PSLRA] was meant to guard against." In re Cendant, 264 F.3d at 270 n.49. Here, for the same reasons that ERS-PREPA failed to rebut the presumption that Crawley is the most adequate plaintiff, there is no basis for conducting limited discovery in this case. See In re KIT Digital, Inc. Sec. Litig., 293

---

[1] ERS-PREPA also raises a concern about Crawley's selected counsel's website "misleading investors into believing that they must complete the form available on [the firm's] website" in order to "trick investors into serving as class representatives or lead plaintiffs." [ECF No. 48 at 12−13]. ERS-PREPA's assertions again lack any evidence and such conjecture was further discredited by Crawley's affidavit in which he states that he did not retain counsel through the forms on the firm's website and was not misled or tricked into filing for the appointment as lead plaintiff. [ECF No. 52-2 at ¶ 10].

F.R.D. 441, 448 (S.D.N.Y. 2013) (no basis for conducting discovery where objecting party brought "no proof or specific claims to rebut" the presumption). ERS-PREPA's rebuttal allegations lack even minimal evidence, and therefore granting the request for discovery "will only cause unnecessary delay and expense." In re Tronox, 262 F.R.D. at 347–48.

Accordingly, Crawley's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel [ECF No. 30] is GRANTED, and the competing motion from ERS-PREPA [ECF No. 20] is DENIED.

**SO ORDERED.**

May 4, 2018

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE