# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROGER BOWERS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TESARO INCORPORATED, LEON O. MOULDER JR. and TIMOTHY R. PEARSON,<br><br>Defendants. | Case No. 1:18-cv-10086-ADB |

### STIPULATED ORDER GRANTING LEAD PLAINTIFF'S MOTION TO LIMIT APPLICATION OF CONFIDENTIALITY PROVISIONS IN AGREEMENTS <u>SIGNED BY FORMER TESARO, INC. EMPLOYEES</u>

Pending before the Court is Lead Plaintiff's Motion to Limit Application of Confidentiality Provisions in Agreements Signed By Former Tesaro, Inc. Employees (ECF No. 60). Upon consideration of the parties' positions, and the further materials submitted pursuant to the Court's July 13, 2018 Electronic Order (ECF No. 72), the Court ORDERS as follows:

(1) Lead Counsel and/or Lead Counsel's investigators are permitted to interview up to eighteen (18) of the twenty-one (21) former TESARO, Inc. ("TESARO") employees (collectively, "Former Employees" and each individually, a "Former Employee") identified on a list that Lead Counsel shall make available for *in camera* review should the Court so Request, and who agree to speak with Lead Counsel and/or Lead Counsel's investigators;

(2) Prior to any interview with a Former Employee, Lead Counsel and/or Lead Counsel's investigators shall state that each Former Employee is free to speak or not speak with Lead Counsel and/or Lead Counsel's investigators, and that any

1

participation in an interview is purely voluntary. Neither Lead Counsel nor Lead Counsel's investigators shall state or imply that an interview is required. Moreover, while conducting any of the interviews permitted pursuant to this Order only, no investigator for Lead Counsel shall state that he/she is a former employee of the Federal Bureau of Investigation or of any other government agency;

(3) After identifying themselves and the purpose of their efforts to communicate with Former Employees, Lead Counsel and/or Lead Counsel's investigators will state that they understand that TESARO has entered into confidentiality agreements with all Former Employees, and may ask Former Employees the following preliminary background and biographical questions:

    (i) What is your name?

    (ii) What were your dates of employment with TESARO?

    (iii) What position(s) did you hold while employed at TESARO?

    (iv) To whom did you report in the position(s) that you held at TESARO, and who reported to you while you held such position(s) at TESARO?

    (v) Where were you located while employed by TESARO?

(4) Lead Counsel and/or its investigators shall provide a copy of this Stipulated Order to the Former Employee;

(5) Lead Counsel and/or Lead Counsel's investigators may ask Former Employees one or more of the questions on the limited list of questions permitted by the Court, and follow-up questions concerning the content of Former Employees' responses to such questions, provided that such follow-up questions shall remain strictly limited to the same subject matter as that covered by the questions permitted by the Court;

(6) TESARO shall not enforce the terms of its confidentiality agreements against any Former Employees for disclosing information to Lead Counsel and/or Lead Counsel's investigators pursuant to paragraphs (1)-(5) above;

(7) Lead Plaintiff, Lead Counsel, and Lead Counsel's investigators shall comply with the terms of the Stipulated Confidentiality Agreement and Protective Order; and

(8) Pursuant to the Court's June 13, 2018 Electronic Order (ECF No. 64), the deadline for filing the Amended Class Action Complaint (the "Amended Complaint") set forth in the Court's March 7, 2018 Electronic Order (ECF No. 16) is amended such that Lead Plaintiff shall have thirty (30) days from the date of this Order to file the Amended Complaint under seal with the Court.

**IT IS SO ORDERED.**
SIGNED this 12th day of September, 2018.

/s/ Allison D. Burroughs
HONORABLE ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE